UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. MAURY,<br><br>         Plaintiff,<br><br>   v.<br><br>C. SEAMON, et al.,<br><br>         Defendants. | Case No. 22-cv-04463-JSW<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983 against officials at San Quentin State Prison and the California Department of Corrections and Rehabilitation. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the case is DISMISSED for failure to state a cognizable claim for relief.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff alleges that Defendant Seamon removed him from his prison job, after previously reducing his pay rate. Plaintiff claims that Seamon violated provisions of the California Code of Regulations and the prison's Departmental Operations Manual. He claims that Defendants Broomfield and Gipson did not adequately supervise or train Seamon, which allowed Seamon to be "negligent in his duties." Plaintiff also alleges that his administrative grievances were not properly handled.

The violation of state law, the violation of a prison operations manual, and the state-law tort of negligence are not violations of federal law, which is an essential element of a Section 1983 claim. *See West*, 487 U.S. at 48; *DeShaney v. Winnebago County Social Servs. Dep't*, 489 U.S. 189, 201-03 (1989) (Section 1983 does not impose liability for violations of duties of care arising out of state tort law); *Daniels v. Williams*, 474 U.S. 327 (1986) (Due Process Clause is not implicated by a state official's negligent act causing unintended loss or injury to life, liberty, or property). Consequently, plaintiff's claims are not cognizable under Section 1983.[1]

Amendment would be futile because neither his loss of a prison job nor the ineffective

---

[1] This conclusion does not preclude plaintiff from seeking relief on his claims in state court.

2

1  handling of his administrative grievances violated federal law. There is no constitutional right to a
2  job or rehabilitation in prison, *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no right
3  to job); *see also Lyon v. Farrier*, 727 F.2d 766, 769 (8th Cir.1984) (whatever liberty or property
4  interests inhere in prison employment are the product of state law), or to an administrative
5  grievance system, *see Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff is therefore
6  not granted leave to amend.

## CONCLUSION

For the foregoing reasons, the case is DISMISSED for failure to state a claim upon which relief may be granted.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 23, 2022

_____
JEFFREY S. WHITE
United States District Judge